UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Case No. 01-cr-165 (RHK)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

Robert Lawrence Gabrio,

          Defendant.
_____

This matter is before the Court on Defendant Robert Lawrence Gabrio's Motion to Vacate under 28 U.S.C. § 2255, filed with the assistance of counsel. Gabrio also filed a pro se Motion that appears to be an attempt to supplement the Motion to Vacate, as well as a Motion for compassionate release because his sister is gravely ill. For the following reasons, all of Gabrio's Motions are denied.

**BACKGROUND**

In 2001, Gabrio pled guilty to being a felon in possession of a firearm, after Aitkin County officials found four stolen firearms in his residence. In his plea agreement, Gabrio agreed that he was an armed career criminal under the definition set forth in 18 U.S.C. § 924(e)(1) (the "Armed Career Criminal Act" or "ACCA"). Specifically, Gabrio agreed that he had been convicted of at least three prior crimes of violence or enumerated offenses. (Plea Hr'g Tr. (Docket No. 40) at 25.) Those predicate offenses were three second-degree burglaries, a robbery, and felony terroristic threats. (Id.; see also PSR ¶ 42.) Because he was an armed career criminal under § 924(e), he was subject to a

mandatory minimum 15-year term of imprisonment. The Court sentenced Gabrio to 15 years of imprisonment with three years of supervised release to follow. (Docket No. 35.)

Gabrio was released from prison on May 27, 2014. Less than a month later, he sexually assaulted a woman in rural Carlton County. (Docket No. 58.) The Court revoked Gabrio's supervised release, sentencing him to 20 months' imprisonment, to run consecutively to the 60-month sentence the state court imposed for the sexual assault. (Docket No. 71.) Gabrio is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin.

In March 2017, Gabrio moved the Court for appointment of counsel to determine whether his predicate convictions qualified as violent felonies after the Supreme Court's decisions in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016). (Docket No. 73.) The Court appointed counsel, who subsequently filed the instant Motion. (Docket No. 76.) After the Government argued in opposition that the Motion was untimely, Gabrio filed a pro se supplemental Motion, contending both that his appellate counsel and current counsel rendered ineffective assistance in failing to raise his claims earlier. (Docket No. 88.) And, as noted, Gabrio recently moved the Court for compassionate release. (Docket No. 90.)

**DISCUSSION**

**A.      Motion to Vacate**

This Motion spotlights the rapidly evolving law regarding the Armed Career Criminal Act. Beginning with the <u>Johnson</u> decision in 2015, the Supreme Court and the Courts of Appeals have significantly narrowed the predicate offenses that qualify for

2

ACCA treatment. Under the ACCA as it existed before Johnson, an individual qualified as an armed career criminal if they had "three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defined "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). The definition of violent felony thus encompassed: crimes involving physical force—the "force" clause; certain enumerated crimes—the "enumerated" clause; and any other conduct involving a risk of physical injury—the "residual" clause. Four of Gabrio's five predicate convictions fell under either the enumerated clause—he had numerous prior convictions for burglary, three of which the Court used as predicates here—and the force clause. See United States v. Flannigan, 367 F. App'x 732, 733 (8th Cir. 2010) (per curiam) (Minnesota's terroristic threats statute has as an element the use, attempted use, or threatened use of physical force for purposes of the ACCA), overruled by United States v. McFee, 842 F.3d 572 (8th Cir. 2016).

The Johnson decision invalidated the ACCA's residual clause as unconstitutionally vague. See Johnson, 135 S. Ct. at 2563. A year later, the Supreme Court determined that Johnson announced a new rule of constitutional law that was

3

retroactively applicable to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257 (2016).

Other recent cases have clarified, but not invalidated, the force and enumerated clauses, including the cases on which Gabrio here relies, Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. McArthur, 850 F.3d 925 (8th Cir. 2017), and McFee, 842 F.3d 572.  McArthur held that Minnesota's third-degree burglary statute was not a predicate violent felony under the ACCA.  850 F.3d at 940.  Although three of the prior convictions used to find Gabrio eligible for the ACCA were second-degree burglary convictions, the elements of that crime are similarly indivisible and thus a Minnesota second-degree burglary conviction is likewise no longer an ACCA predicate.  See United States v. Willis, No. 11cr13, 2017 WL 1288362, at *2 (D. Minn. Apr. 6, 2017) (Doty, J.) (finding Minnesota first-degree burglary conviction an invalid ACCA predicate after McArthur).  McFee in turn held that Minnesota's terroristic threats statute was not a qualifying violent felony under the force clause of the ACCA.  842 F.3d at 577.  Thus, there is no dispute that, if he were sentenced today, Gabrio would not be subject to the ACCA's sentence enhancement because he does not have three prior qualifying violent-felony convictions.

But the fact that Gabrio would not qualify for the ACCA enhancement today is not dispositive of his Motion.  The Government argues that the Motion is untimely under § 2255's one-year statute of limitations, which in the usual case runs from the date the federal prisoner's conviction became final.  28 U.S.C. § 2255(f)(1).  That one-year period is extended, however, in situations involving a new constitutional right, and runs from

"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3). The rule announced in Johnson is just such a right.

There are two impediments to Gabrio's invocation of Johnson, however. First is that the Supreme Court issued Johnson more than one year before Gabrio filed the instant Motion. Gabrio contends that the statute of limitations does not begin to run until the Supreme Court decides that the new right is applicable retroactively to cases on collateral review. Under this argument, because the Welch decision issued in June 2016 and Gabrio filed his Motion in April 2017, his Motion is timely. See United States v. Le, 206 F. Supp. 3d 1134, 1145 (E.D. Va. 2016) (section 2255's statute of limitations on Johnson claims began to run again after decision in Welch).

But no court other than Le has determined that the Welch decision resets § 2255's statute of limitations on Johnson claims. And indeed, even the Le decision referenced the statute of limitations as to Welch in dicta, ultimately determining that the movant's claim that a different part of the ACCA was unconstitutionally vague was time-barred. Id. at 1146. As the Government points out, Gabrio's position is also directly contrary to Supreme Court precedent that § 2255(f)(3) allows a movant "one year from the date on which the right he asserts was initially recognized by this Court" to file a § 2255 motion. Dodd v. United States, 545 U.S. 353, 357 (2005).

In his supplemental pro se Motion, Gabrio attempts to excuse his failure to file a timely challenge to his sentence by claiming that the ineffective assistance of his

5

appellate counsel or his current counsel resulted in the untimeliness or failure to raise the issues in a previous proceeding. He notes that he has raised the Johnson issue in previous pro se submissions to the Court, although those submissions pre-dated the Supreme Court's opinion. (See July 20, 2010, Letter (Docket No. 51) ("I also feel that the case # Johnson v. USA 08-6925 helps me because none over [sic] my charges are violent under that case.").)[1] While a claim that appellate counsel was ineffective for failing to raise errors of trial counsel may save a claim from being procedurally barred for purposes of collateral review, there is no authority for the proposition that the time for pursuing a collateral attack under § 2255 is tolled because of alleged ineffective assistance of counsel. See Davila v. Davis, 137 S. Ct. 2058 (2017) (holding that ineffective assistance of postconviction counsel does not excuse procedural default of any claim other than ineffective assistance of trial counsel).

But even if Gabrio's newly raised ineffective-assistance claims could toll the statute of limitations or provide cause for his procedural default, or even if the statute of limitations runs from the Welch decision rather than Johnson, there is a substantive impediment to the application of Johnson here. "[T]he district court cannot grant relief in a § 2255 proceeding [brought under Johnson] unless the movant shows . . . that he was sentenced using the residual clause and that the use of that clause made a difference in the

---

[1] It appears that the Johnson case this 2010 letter references is a different case, Johnson v. United States, 559 U.S. 133 (2010), holding that Florida's battery statute was not a predicate violent felony for purposes of the ACCA. Gabrio could not have raised the 2016 Johnson opinion in 2010, because the defendant in the criminal case from which the 2016 decision arose was not indicted until 2012. See United States v. Johnson, 526 F. App'x 708, 709 (8th Cir. 2014) (describing facts), rev'd, Johnson, 135 S. Ct. at 2563.

6

sentence." In re Moore, 830 F.3d 1268, 1273 (8th Cir. 2016). Gabrio cannot make this showing here.

The Court did not specify during Gabrio's sentencing proceeding that it relied on the enumerated clause and the force clause for Gabrio's predicate ACCA convictions, but it is self-evident that these clauses applied. Three of Gabrio's five prior violent-felony convictions were burglaries under Minnesota law, which until McArthur were presumed to fall within the enumerated clause. Gabrio's fourth prior conviction, for terroristic threats, was until McFee considered a violent felony under the force clause. Flannigan, 367 F. App'x at 733. Only one of the predicates the Court relied on could conceivably have been evaluated under the residual clause, Gabrio's 1994 conviction for robbery, which is neither an enumerated offense nor necessarily a crime involving force. This case is therefore unlike Willis, 2017 WL 1288362. In Willis, three of the defendant's four ACCA predicate convictions were for robbery and breaking and entering. Judge David S. Doty determined that the court could not force the defendant to "meet the insurmountable burden of reading the court's mind" to determine whether the court considered the predicates under the residual clause or the other clauses of § 924(e)." Id. at *2. Rather, the fairer approach was to presume that Johnson applied and evaluate the defendant's convictions accordingly. Id.; see also Bevly v. United States, No. 4:16cv965, 2016 WL 6893815, at *1 (E.D. Mo. Nov. 23, 2016) ("In a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause."). Because Gabrio had at least

7

three prior violent-felony convictions that would have qualified him for the ACCA enhancement even in the absence of Johnson, he is not "rais[ing] a claim based on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review." United States v. Sonczalla, No. 07cr187, 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016) (Kyle, J.).

Instead, Gabrio's claim here depends on McArthur and McFee. These cases are not products of Johnson, but rather directly follow from Mathis, which in turn follows from Descamps v. United States, 133 S. Ct. 2276 (2013) and Taylor v. United States, 495 U.S. 575 (1990). None of these decisions have been made retroactively applicable to cases on collateral review. See Davis v. United States, No. 1:08cr74, 2017 WL 1477126, at *2 (E.D. Mo. Apr. 25, 2017) (noting that "several courts have held that Descamps and Mathis are not retroactively applicable to cases on collateral review") (citing In re Thomas, 823 F.3d 1345 (11th Cir. 2016); Ezell v. United States, 778 F.3d 762 (9th Cir. 2015); Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016)); see also Headbird v. United States, 813 F.3d 1092, 1097 (8th Cir. 2016) (Descamps not retroactively applicable). Although McFee and McArthur would dictate a different sentence if Gabrio were sentenced today, he "cannot use Johnson as a portal to apply rules of statutory construction that were not in effect at the time he was sentenced." United States v. Moreno, No. 11cr178, 2017 WL 811874, at *4 (D. Minn. Mar. 1, 2017) (Montgomery, J.). Because the Supreme Court decisions underlying his claims are not retroactively applicable, his claims are untimely. See e.g., Stanley v. United States, 827 F.3d 562, 565 (7th Cir. 2016) (the sole holding of Johnson is that the residual clause is invalid, and

§ 2255(f)(3) does not afford prisoners a new one-year period to seek collateral relief on a theory that the force clause does not apply to a particular conviction).

B. **Compassionate Release**

Gabrio seeks compassionate release because his sister is suffering from cancer and has only a short time to live. Although the Court is sympathetic to Gabrio's situation, he is not entitled to the release he seeks.

C. **Certificate of Appealability**

Gabrio may not appeal this Court's decision without a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A Certificate of Appealability is available only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

There is a split among courts in this Circuit as to whether a Mathis claim can be raised via Johnson's retroactive holding. See, e.g., Taylor v. United States, 223 F. Supp. 3d 912, 917-18 (E.D. Mo. 2016) (applying Mathis and progeny to evaluate § 2255 movant's prior ACCA convictions for burglary). Thus, Gabrio's claims are debatable among "jurists of reason" and he is entitled to seek review of this Court's determinations from the Court of Appeals. The Court will therefore issue a Certificate of Appealability

as to Gabrio's claims that Johnson applies to his predicate ACCA convictions and that Welch resets the statute of limitations for Johnson claims.

**CONCLUSION**

Gabrio's claims that his ACCA sentence was invalid are untimely, and he is not entitled to compassionate release. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Vacate (Docket No. 76) is **DENIED**;

2. The Pro Se Motion to Review 2255 (Docket No. 88) is **DENIED**;

3. The Pro Se Motion Requesting Compassionate Relief (Docket No. 90) is **DENIED**; and

4. Gabrio is entitled to a Certificate of Appealability as set forth above.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 2, 2017

                                        *s/Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge